DAVIS, Circuit Judge,
concurring:
I concur fully in the majority opinion, but not without a measure of discomfort regarding our remand of the ease to permit the district court to examine the record and determine the propriety of a punitive damages award.
To be sure, it appears that South Carolina has something of a unique jurisprudence surrounding the availability of punitive damages. See, e.g., Gamble v. Stevenson, 805 S.C. 104, 406 S.E.2d 350 (1991)(punitive damages allowed against a utility company for personal injuries resulting from a motor vehicle collision in an intersection where employees of the utility negligently took down a stop sign during maintenance work in the street). One is moved to observe that South Carolina seems to have an endearing affinity for making available punitive damages in routine tort claims. Id.
In this case, the majority reasons as follows, in part:
Punitive damages are available only where a court also awards actual or nominal damages. Nominal damages are presumed where pleadings allege and evidence proves a willful invasion or infringement of a right, even if an exact measurement of actual damages is not possible.
The rule requiring actual or nominal damages as a predicate for punitive damages “is premised on the fact that liability must be established before a plaintiff can seek punitive damages.” Thus, a plaintiff is entitled to a jury determination on punitive damages liability even in the absence of ascertainable loss. [Ins. Servs. of Beaufort, Inc. v. Aetna Cas. & Sur. Co., 966 F.2d 847, 858 (4th Cir.1992) ] (“The recovery of nominal damages is particularly appropriate to vindicate the violation of a right ... where injury is shown but damages cannot be proven.”). Where a jury finds a willful or reckless invasion of a legal right, a court presumes that nominal actual damages are merged into a punitive damage award.
Ante, at 189-90 (citations and footnote omitted). I am dubitante. This case is truly sui generis: bad faith counts against an insurer based on property damage claims settled for less than policy limits, with little showing that if the insured had had its way and taken the cases to trial, it would have been out-of-pocket by a lesser amount than it was required to pay to settle the claims within its bargained-for deductible.
In short, I lack any certainty that the Supreme Court of South Carolina would reach the result we reach on the record before us. That is, I question whether the kind of pecuniary “injury” Liberty has ostensibly inflicted in this case, an injury for which there is no proof of actual damage or loss, supports a claim for nominal damages sufficient to serve as a predicate for an award of punitive damages. Nevertheless, I believe the majority opinion’s valiant effort to harmonize South Carolina’s “bad faith” case law and its damages principles is as well thought out as the law of the state allows.* I further understand *195 that the district court is authorized to exercise its good judgment in its exploration of this issue upon the remand. We should not be surprised if the district court concludes, at the end of the day, that this is a bridge too far.
All that said, I concur fully in the majority opinion.

 Compare Daniels v. Coleman, 253 S.C. 218, 169 S.E.2d 593, 597-98 (1969)("In contradistinction with trespass and other direct injuries for which the complainant is awarded nominal damages if he should fail to plead and prove actual damage, deceit belongs to that class of tort of which pecuniary loss generally constitutes part of the cause of ac *195 tion.”) with Gignilliat v. Gignilliat, Savitz & Bettis, L.L.P., 385 S.C. 452, 684 S.E.2d 756, 762 n. 4 (2009)(finding a presumption of nominal damages as it would be "illogical to conclude that a tort can exist without any potential for compensation under any circumstances”).